IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| RONALD J. DOOGS, | ) | CASE NO.3:21-CV-00906-JRK |
| | ) | |
| Plaintiff, | ) | JUDGEJAMES R. KNEPP, II |
| | ) | United States District Judge |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN NORMAN ROBINSON, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Ronald J. Doogs for a writ of habeas corpus under 28 U.S.C. §2254.[2] Doogs is incarcerated by the State of Ohio at the London Correctional Institution in London, Ohio where he is serving an aggregate sentence of twelve years, six months in prison, as well as being classified as a Tier III sex offender, all imposed in 2015 by the Wood

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James R. Knepp II in a non-document order entered July 23, 2021.
[2] ECF No. 1.

County Court of Common Pleas after Doogs was convicted at a jury trial of various charges arising from his sexual interactions with a then 17-year-old girl.[3]

The State filed a return of the writ contending, *inter alia*, that the petition is untimely filed and should therefore be dismissed.[4] Doog filed a traverse[5] arguing that he should be entitled to equitable tolling.[6] In addition, and prior to the State's filing the return of the writ, Doogs filed five motions still pending relating to various matters.[7]

For the following reasons, I will recommend that the petition be dismissed as untimely filed and then that all remaining motions be denied as moot.

## Facts

The relevant facts, which Doogs has implicitly admitted by arguing for equitable tolling, are simply stated.

Doogs' direct appeal ended on February 28, 2018 when the Supreme Court of Ohio declined to accept jurisdiction.[8] After allowing for an additional 90 days within which to seek a writ of certiorari from the Supreme Court of the United States, the start date for the one-year period for filing for federal habeas relief would be May 29, 2018, absent factors that would permit either equitable or statutory tolling or establish actual innocence.

---

[3] ECF No. 15, Attachment at 12, 15.
[4] ECF No. 15 at 35-42.
[5] ECF No. 18.
[6] *Id*. at 1-4; see also, ECF No. 1 at 24 ("If I am not filing this petition within my one year limitation, I ask that any time be tolled as I have clearly been diligent in fighting my case …").
[7] ECF Nos. 4, 5, 6, 8, and 9.
[8] ECF No. 15, Attachment at 399.

Almost exactly one year later, on May 15, 2019, Doogs, *pro se*, moved the Ohio appeals court to file a delayed appeal[9] and, on May 28, 2019, further moved the trial court for relief from judgment.[10] The appellate court denied the motion to file a delayed appeal as untimely filed.[11] Similarly, in a separate decision, the Ohio appeals court, in its review of the trial court's summary denial of Doogs' petition for post-conviction relief, found that this petition was also untimely filed.[12]

The record shows that Doogs remained active in filing seven motions and petitions in various courts, and in appealing from the denial of such actions, after May 29, 2019,[13] or one year after the conclusion of his direct appeal, before filing the present petition for federal habeas relief on April 19, 2021.[14]

## Analysis

I begin by noting the well-established rule that a petition for federal habeas relief must usually be filed within one year of the conclusion of direct review in the state court.[15] That one-year period may be tolled, however, while a properly filed application for state post-conviction relief is pending.[16] That said, it is now well-settled that an untimely filed state petition for post-

---

[9] *Id*. at 465.
[10] *Id*. at 406.
[11] *Id*. at 512.
[12] *Id*. at 442.
[13] (1) July 2019, motion for new trial (*id*. at 459); (2) October 23, 2019, motion to void conviction and sentence (*id*. at 660); (3) December 26, 2019, motion to vacate all fines and costs (*id*. at 699); (4) April 10, 2020, motion to vacate judgment for lack of jurisdiction (*id*. at 733; (5) October 15, 2020, petition for a writ of prohibition (*id*. at 898); (6) April 20, 2021, petition for a writ of mandamus (*id*. at 901); (7) September 23, 2020, complaint for a writ of prohibition (*id*. at 905); (7) December 29, 2020, petition for a writ of habeas corpus filed with Supreme Court of Ohio (*id*. at 906).
[14] ECF No. 1 at 26. This is the date Doogs represents that he placed the petition in the prison mail system. It was docketed on April 30, 2021.
[15] 28 U.S.C. §2244(d)(1).
[16] *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

conviction relief is not "properly filed" for federal habeas purposes and so does not toll the one-year limitations period.[17]

Here, there is no dispute that the two post-conviction petitions filed by Doogs within the one-year period following the conclusion of his direct review process were rejected by Ohio courts as untimely. Thus, these two filings cannot of themselves toll the one-year period. Further, because the one-year limitations period, once expired, cannot be revived by any later filings,[18] none of Doogs' numerous filings after May 29, 2019 (apart from the two untimely filed actions) can serve to avoid the statute of limitations.

As to equitable tolling, the Supreme Court has stated that a habeas petitioner may be entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[19] Leaving aside for the moment whether Doogs' numerous filings, frequently found untimely, after the conclusion of his federal one-year limitations period constitute the diligent pursuit of his rights, I note that his two stated "extraordinary circumstances" are not persuasive.

First, he argues that the delay in filing for federal habeas relief is because it was time consuming for him to seek cell phone and other records from the victim, as well as the investigation records from the Ohio State Bar Association inquiry into his trial counsel action in a different case.[20] Further, he claims that he mistakenly believed that he "could not file his current 2254 habeas

---

[17] *Id*. at 413-15; *Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000).
[18] *Vrooman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).
[19] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted).
[20] ECF No. 18 at 2-3.

petition until the Ohio Supreme Court determined his final appeal, which was received by Petitioner on April 20, 2021…."[21]

As to the last item, the Ohio Supreme Court declined jurisdiction in his appeal from the Ohio appeals court decision that found that Doogs' post-conviction petition to the trial court was untimely filed. As was noted above, that entire process was beyond the limitations period and waiting until its conclusion had no effect on the limitation period. As such, Doogs' decision to wait to file his federal habeas petition was his own mistake, not some external factor inhibiting him from compliance with timely filing.[22] Moreover, it is well-established that *pro se* representation of itself or ignorance of the law is not sufficient to warrant equitable tolling.[23]

In addition, as to Doogs' numerous attempts to turn up additional facts pertaining to his victim or his trial counsel, the State observes that every relevant fact was on the record during direct appeal or in his first post-conviction petition – all of which was consolidate in the direct appeal.[24] Moreover, as the State further notes, the fact that Doogs' trial counsel was disciplined in another case for mishandling financial matters did not pertain to anything connected with Doogs' trial[25] and so his extensive seeking of the investigative records of that unrelated disciplinary action cannot be evidence of his diligent pursuit of any rights in this case.

Finally, as to any claim of actual innocence, the recognized standard is whether the petitioner can show with new reliable evidence not presented at trial that it is more likely than not

---

[21] *Id*. at 3.
[22] *Allen v. Bell*, Fed. App'x 713, 716 (6th Cir. 2007) (habeas petitioner must identify "an *external circumstance* which prevented the applicant from filing on time") (emphasis added). Of course, Doogs could have filed a timely federal habeas petition and then sought to stay consideration of that petition until the state proceedings on his post-conviction petition were completed. *Rhines v. Weber*, 544 U.S. 269, 276-78 (2005).
[23] *Keeling v. Warden,* 673 F.3d 452, 464 (6th Cir. 2012).
[24] ECF No. 15, Attachment at 192.
[25] See, *id*. at 446.

that no reasonable juror would have found him guilty.[26] Specifically, actual innocence means factual innocence not legal insufficiency.[27]

Here, both the victim and Doogs testified at trial. The jury decided who to believe. The testimony of a victim alone is sufficient to sustain a conviction.[28] Doogs has set forth no alternative reliable evidence by which to question that conclusion.

## Conclusion

Accordingly, for the reasons stated, I recommend that the petition of Ronald J. Doogs for a writ of habeas corpus be dismissed as untimely. I then further recommend that Doogs' five[29] outstanding motions be denied as moot:

> To appoint counsel (ECF No. 4)
>
> For an evidentiary hearing (ECF No. 5)
>
> To take judicial notice (ECF No. 6)
>
> For a status conference (ECF No. 8)
>
> To amend the petition (ECF No. 9).

IT IS SO RECOMMENDED.

Dated: March 9, 2022            s/William H. Baughman Jr.
                                United States Magistrate Judge

---

[26] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[27] *Bousley v. United States*, 523 U.S. 614, 623 (198).
[28] *Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008).
[29] A motion to change the name of the respondent Warden (ECF No. 17) was granted in a non-document order.

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.