# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RONALD J. DOOGS,** | CASE NO. 3:21 CV 906 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN NORMAN ROBINSON,** | |
| Respondent. | **AMENDED[1] MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

*Pro se* Petitioner Ronald J. Doogs ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On March 9, 2022, Judge Baughman issued an R&R recommending the Petition be dismissed as untimely. (Doc. 20).[2] On March 31, 2022, Petitioner filed his Objections thereto. (Doc. 23).[3]

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ACCEPTS the R&R, and DISMISSES Petitioner's habeas corpus Petition as untimely.

---

1. This Amended Memorandum Opinion and Order is issued to correct a typographical error in dates listed on page 3. The error did not affect the rest of the analysis herein.
2. The R&R also recommended that upon finding the Petition untimely, the Court also deny as moot Petitioner's other pending motions (Docs. 4, 5, 6, 8, 9). (Doc. 20). The Court, however, subsequently ruled on Petitioner's other motions. (Doc. 22).
3. Petitioner requested (Doc. 21), and this Court granted (Doc. 22) – an extension to April 27, 2022 for Plaintiff to file his objections.

**BACKGROUND**

This case, filed April 19, 2021[4], stems from Petitioner's November 4, 2015 jury trial conviction in the Wood County, Ohio Court of Common Pleas on charges of rape and gross sexual imposition. *State v. Doogs*, 2017-Ohio-6914, at ¶ 1 (Ohio Ct. App.).

The R&R recommends the Court find the Petition was filed more than one year after the conclusion of direct review in the Ohio state courts, and thus untimely under 28 U.S.C. § 2244(d)(1). It further recommends there is no basis for statutory tolling, and that the Court reject Petitioner's arguments for equitable tolling.

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. § 2244(d). As is relevant to the instant case, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

4. Petitioner represents he put his Petition in the prison mail system on April 19, 2021. (Doc. 1, at 26). Pursuant to the prison mailbox rule, this is deemed the filing date. *See In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

**DISCUSSION**

Petitioner objects to the R&R, stating that he "did file a State Habeas Corpus that got a merit ruling that was against clearly established Federal Law." (Doc. 23, at 2). He emphasizes that the Ohio Supreme Court's denial of his state habeas petition "is not a year old." *Id.* Thus, Petitioner seemingly contends the R&R's conclusion that he is not entitled to statutory tolling is incorrect. Upon review, the Court disagrees.

Petitioner appealed his conviction to the Ohio appellate court, which issued a decision overruling his assignments of error and affirming his conviction on July 21, 2017. *See Doogs*, 2017-Ohio-6914. The Ohio Supreme Court declined to accept jurisdiction of his appeal on February 28, 2018. (Ex. 21, Doc. 15-2, at 399). Petitioner's conviction became final, and the AEDPA statute of limitations thus began to run, 90 days later (the conclusion of the time period for seeking a writ of certiorari with the United States Supreme Court): May 29, 2018; it expired one year later, in May 2019, absent tolling.[5]

As the R&R explains, Petitioner filed two things prior to the date the statute began to run: a delayed motion to reopen his appeal on May 15, 2019, and a motion for relief from judgment in the trial court on May 28, 2019. *See* Doc. 20, at 3 (citing Ex. 33, Doc. 15-2, at 465; Ex. 24, Doc. 15-2, at 406). Both were deemed untimely-filed by the state courts. (Ex. 37, Doc. 15-2, at 512-14; Ex. 29, Doc. 15-2, at 442-47). As such, neither can serve to toll the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

Petitioner argues that a final determination on his state habeas petition was less than one year old at the time of his filing of the present Petition. But this does not change the analysis. Here,

---

5. The original Memorandum Opinion and Order in this case contained a typographical error misidentifying these dates as May 29, <u>2019</u> and May <u>2020</u>, respectively. Those dates are corrected above to May 29, <u>2018</u> and May <u>2019</u>.

the cited state habeas petition was filed on November 6, 2020, and dismissed by the Ohio Supreme Court on December 29, 2020. *See* Doc. 23-1, at ¶ 4; *Doogs v. Robinson*, No. 2020-1363 (Ohio Sup. Ct.); Ex. 79, Doc. 15-2, at 906. Because this action post-dates the date on which the AEDPA statute of limitations began to run, it has no impact. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quotation and citation omitted).

The Court therefore finds Petitioner's objections not well-taken. His other pending motions (Docs. 24, 25) are denied as moot.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Baughman's R&R (Doc. 23) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DISMISSED as untimely-filed as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

4